G. Thomas Martin, III (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Direct Dial: (818) 907-2030
Fax: (818) 205-3730
tom@plglawfirm.com

Attorneys for Plaintiff,
MARIA ARCHILA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ARCHILA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN C. BONEWICZ, P.C.; and<br>DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000** |

## COMPLAINT

## INTRODUCTION

1.     This is an action for actual and statutory damages brought by

plaintiff MARIA ARCHILA, an individual consumer, against defendant JOHN

C. BONEWICZ, P.C. (hereinafter referred to as "JOHN C. BONEWICZ, P.C."

or "Defendant") for violations of the Fair Debt Collection Practices Act, 15

U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibit debt collectors

from engaging in abusive, deceptive, and unfair practices.

## **VENUE AND JURISDICTION**

2.      Jurisdiction of this court arises under 28 U.S.C. § 1331 and § 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## **PARTIES**

3.      Plaintiff MARIA ARCHILA is a natural consumer allegedly obligated to pay any debt, residing in Inglewood, Los Angeles County, California 90303.

4.      Defendant JOHN C. BONEWICZ, P.C. is an professional corporation engaged in the business of collecting debt in this state, located at 350 North Orleans Street, Chicago, Illinois 60654.  The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5.      Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the Cal. Civ. Code § 1788.2.

\ \ \

\ \ \

\ \ \

COMPLAINT FOR DAMAGES

## FACTS

6.      Upon information and belief, within one year prior to the filing of this complaint, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7.      Defendant constantly and continuously calls Plaintiff on Plaintiff's mobile telephone number from telephone number 224-534-8030 to annoy her and with such frequency as to be unreasonable and to constitute harassment.

8.      On Wednesday, April 24, 2013, Defendant's agent, "George Diaz," threatened to garnish Plaintiff's wages if Plaintiff did not make a payment of $600.00 by Friday, April 26, 2013.

9.      Defendant is a debt collector, and as a debt collector attempting to collect an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in garnishment.

10.     Defendant engaged in false and deceptive means by failing to meaningfully disclose its identity.

11.     Defendant's actions have caused Plaintiff to suffer emotional distress, stress, humiliation, and anxiety, among other negative emotions.

COMPLAINT FOR DAMAGES

12.     The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

## COUNT I – FDCPA

13.     Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

14.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:

        i)     15 U.S.C. §1692d(5);

        ii)    15 U.S.C. §1692e(2)(A);

        iii)   15 U.S.C. §1692e(10);

        iv.)  15 U.S.C. §1692f.

15.     Section 1692d(5) states in pertinent part that:

**A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
**…**
**(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.**

16.     Sections 1692e(2)(A)  and e(10) state in pertinent part that:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.**

COMPLAINT FOR DAMAGES

**Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
**…**
**(2) The false representation of—**
**(A) the character, amount, or legal status of any debt.**
**…**
**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

17.     Section 1692f states in pertinent part that:

**A debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt.**

## COUNT II – RFDCPA

18.     Plaintiff incorporates paragraphs 1 – 17.

19.     Defendant thereby violated the following provisions of the RFDCPA:

      i)      Cal. Civ. Code § 1788.11(d);

      ii)     Cal. Civ. Code § 1788.11(e);

      iii)    Cal. Civ. Code § 1788.13(j);

      iii)    Cal. Civ. Code § 1788.17.

20.     Sections 1788.11(d) and (e) state in pertinent part that:

**No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:**
**…**
**(d) Causing a telephone to ring repeatedly or continuously to annoy the person called; or**

COMPLAINT FOR DAMAGES

**(e) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.**

21.    Section 1788.13(j) states in pertinent part as follows:

**No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:**
**…**
**(j) The false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made.**

22.    Section 1788.17 states in pertinent part as follows:

**Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001.**

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

(1) Statutory and actual damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

COMPLAINT FOR DAMAGES

RESPECTFULLY SUBMITTED,

DATED:  April 10, 2014          **PRICE LAW GROUP APC**


By:_____
                G. Thomas Martin, III
                Attorney for Plaintiff


## <u>DEMAND FOR JURY TRIAL</u>

PLEASE TAKE NOTICE that Plaintiff, MARIA ARCHILA, demands trial by jury in this action.

COMPLAINT FOR DAMAGES